IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HAROLD E. OWENBY, )
    Plaintiff, )
)
v. ) No. 3:07-CV-432
) (Phillips)
CITY OF KNOXVILLE, )
    Defendant. )

**MEMORANDUM OPINION**

This case arises from the termination of plaintiff from the Knoxville Fire Department on July 7, 2006. Plaintiff has brought suit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.,* alleging he was terminated because the defendant regarded him as disabled as defined in 42 U.S.C. § 12102(2)(C).

Defendant City of Knoxville has moved for summary judgment asserting that there are no genuine issues as to material facts, and that it is entitled to judgment as a matter of law on plaintiff's complaint. For the reasons which follow, defendant's motion for summary judgment will be granted, and this action will be dismissed .

**Factual Background**

Plaintiff was an active duty firefighter who had been relieved of duty as a result of not meeting the necessary physical requirements of the position of Fire Officer.

In April 2006, plaintiff, when advised that he did not meet the physical requirements necessary to fight fire with the Knoxville Fire Department, requested time to consult with another physician. Three months later, after not receiving any information from the plaintiff regarding his medical status, Chief Robert Key notified plaintiff of a pre-disciplinary meeting to be held on July 5, 2006, pursuant to the City of Knoxville Civil Service Rules and Regulations. On July 7, 2006, Chief Key provided the plaintiff with a letter notifying the plaintiff of his termination, effective July 9, 2006. A copy of the letter was personally given to plaintiff on July 7, 2006 by Chief Key's executive secretary Victoria Dalton. Plaintiff refused to sign for the letter and left the office without a copy of the letter. The termination letter was then mailed to plaintiff. Plaintiff acknowledges receipt of the letter on July 12, 2006.

Plaintiff filed his complaint with the Tennessee Human Rights Commission (THRC) on May 7, 2007. On August 13, 2007, the EEOC denied the plaintiff's complaint as untimely filed and issued a notice of right to sue. Plaintiff alleges that the City of Knoxville, by terminating him, discriminated against him in violation of the ADA. Specifically, plaintiff claims that the City "regarded" him as disabled by requiring him to be certified by the City's physician as meeting certain physical requirements for the position of Fire Officer.

Defendant moves for summary judgment stating that this action should be dismissed because plaintiff did not timely file his complaint with the THRC within the 300-day period required by the ADA.

Plaintiff has responded in opposition, stating that there is a genuine issue of material fact as to whether his complaint filed with the THRC was timely filed since he did not receive notice of his termination until July 12, 2006.

**Summary Judgment Standard**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Analysis

The ADA incorporates by reference the requirements set forth in Title VII, 42 U.S.C. § 2000e - 5(e) which mandates that a plaintiff file a complaint with the EEOC within 180 days of the last alleged act of discrimination, or within 300 days, if the plaintiff files charges with the state or local agency. In this case, the 300-day time period is applicable. This short deadline reflects Congress' strong preference for the prompt resolution of employment discrimination allegations through voluntary conciliation and cooperation. *Occidental Life Ins. v. EEOC*, 432 U.S. 355, 367-68 (1977). While filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, it is a requirement similar to that of a statue of limitations. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, (1982). This statute of limitations serves a policy of repose. *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554-55 (1984). It "represents a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick,* 444 U.S. 111, 117 (1979).

In the instant case, the alleged unlawful employment practice is his termination, which was communicated to plaintiff on September 7, 2006, to be effective September 9, 2006. Plaintiff did not file his charge with the THRC until May 7, 2006, 302 days after the termination occurred and 304 days after he had notice of the decision to terminate him.

-4-

Plaintiff argues that he did not know he had been fired on July 7, 2006. He admits that he briefly looked at the first page of the letter given to him by Dalton, but that page referred to discipline. He then stopped reading the letter and refused to sign a receipt for the letter. Plaintiff further states that he did not see any language referring to termination at that time, and neither Dalton nor Sammi Johnson told him he was being terminated. He left the administrative office without a copy of the letter. Plaintiff states he was unaware that he had been terminated until July 12, 2006, when he received the letter of termination in the mail. Thus, plaintiff aruges his complaint filed with the EEOC on May 7, 2006, was filed within the 300-day limitation period. I find plaintiff's argument without merit.

Even if the plaintiff did not actually read the termination letter until he received it in the mail on July 12, 2006, he had constructively received the termination letter on July 7, 2006, the day he was personally provided with the letter at Chief Key's office. Because plaintiff "received" the termination letter on July 7, 2006, the 300-day limitations countdown began on July 8, 2006, and plaintiff's filing of his charge of discrimination with the EEOC on May 7, 2007 is untimely. The Sixth Circuit does not require actual receipt of notice by a claimant before the time period begins to run, constructive notice is sufficient. *See Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir. 1986); *Johnson v. United States Postal Service,* 64 F.3d 233, 237-38 (6th Cir. 1995); *Johnson-Brown v. Wayne State University,* 1999 WL 191322 (6th Cir. Mar. 17, 1999). Any more lenient rule would illicitly licence a claimant to indefinitely extend limitations by avoiding acceptance of notice, thereby circumventing the Congressional mandate that a charge of discrimination be filed

within 300 days. U.S.C. § 2000e - 5(e). Here, plaintiff was presented with the letter of termination on May 7, 2006, but chose not to read it. He refused to sign for it and failed to take a copy of it when he left the administrative office. He cannot complain that he was not given notice of his termination on May 7, 2006. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

## Conclusion

There is no genuine issue of material fact that more than 300 days passed from the date the plaintiff received notice of his termination to the date that he filed his complaint with the EEOC. Accordingly, defendant's motion for summary judgment [Doc. 5] is **GRANTED**, and this action is **DISMISSED** against the City of Knoxville.

**ENTER:**

         s/ Thomas W. Phillips
         United States District Judge